# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ANDRE BRAILLON

               Petitioner,                       Index No. 157466/2017

    -against-                                    **NOTICE OF PETITION**

THE STEAMFITTERS' INDUSTRY PENSION
FUND, METLIFE INSURANCE COMPANY USA

               Respondents.
-------------------------------------------------------------------X

      PLEASE TAKE NOTICE that upon the petition of ANDRE BRAILLON, by his
attorneys, Vaslas Lepowsky Hauss & Danke, LLP dated August 8, 2017, and the annexed
exhibits, Petitioner will request this court at the Courthouse located at 60 Centre Street, New
York, New York, in the Submission Part, Room 130, at 9:30 a.m. on February 13, 2018, or as
soon thereafter as counsel can be heard, for a judgment directing Respondents, The Steamfitters'
Industry Pension Fund and Metlife Insurance Company USA to (i) comply with the Domestic
Relations Order of the Honorable Matthew F. Cooper dated January 9, 2017 (the "Qualified
Domestic Relations Order"), or in the alternative (ii) entering judgment in favor of Petitioner and
against Respondents in the amount of $116,145.28 with interest thereon, by reason of
Respondents being in contempt of the Qualified Domestic Relations Order.

      **PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR § 2214(b), answering
affidavits, if any, must be served on the undersigned at least seven (7) days prior to the return
date of this motion.

Dated:  New York, New York
        January 2, 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

ANDRE BRAILLON,

Index No.:

Petitioner,

PETITION

- against -

THE STEAMFITTERS' INDUSTRY PENSION
FUND, METLIFE INSURANCE COMPANY USA,

Venue based on
Petitioner's Resident's
100 Beekman Street
New York, NY 10038

Respondents.
-------------------------------------------------------------------X

Petitioner, complaining of the respondents, by his attorneys, VASLAS LEPOWSKY HAUSS &

DANKE LLP, respectfully states and alleges, upon information and belief:

1. At all times herein mentioned, Petitioner, ANDRE BRAILLON, was and still is a

resident of the County and State of New York.

2. The Steamfitters' Industry Pension Fund (hereinafter "Pension Fund") was established by

the Steamfitters' Union for the benefit of its members.

3. At all times relevant hereto, Petitioner was a member of the Steamfitters' Union.

4. MetLife Insurance Company USA (hereinafter "MetLife") is a foreign corporation

licensed to do business in the State of New York with its principal place of business located at 11225

North Community House Road, Charlotte, North Carolina 28277.

5. On July 25, 1990, Petitioner, Andre Braillon, completed an "APPLICATION FOR A

REGULAR OR EARLY PENSION" from the Pension Fund.  The relevant portions of that application

are annexed hereto as Exhibit "A."

6. The application consisted of a form prepared by and furnished to the Petitioner by the

Pension Fund.

3

VASLAS LEPOWSKY HAUSS & DANKE LLP

By: _____

Michael Present, Esq.
*Attorneys for Petitioner*
630 Third Avenue, 5th floor
New York, New York 10017
(212) 779-3207

To: The Steamfitters' Industry Pension Fund
27-08  40th Avenue  2nd fl.
Long Island City, NY  11101

2

7.     The Petitioner elected a "Joint and Survivor Annuity with a 50% Pop Up" form of benefit.

8.     The application provides at paragraph "c" on page 4(a) that if the Petitioner and his spouse were to become divorced after his pension payments begin, the election remains in effect "unless a Qualified Domestic Relations Order states otherwise."

9.     The Pension Fund furnished to the Petitioner "INSTRUCTIONS TO APPLICANT" which provided that if a divorce decree meets the criteria of a Qualified Domestic Relations Order "the Pension Fund will be obligated to comply with that order." See Exhibit "B."

10.     Thereafter, Petitioner received a "PURCHASE NOTIFICATION" indicated that the Pension Fund purchased an annuity with a gross consideration of $116,145.28.  A copy of the Purchase Notification is annexed hereto as Exhibit "C."

11.     The Petitioner received his first annuity payment for October 1, 1990 under cover of letter dated October 11, 1990.   A copy of the transmittal letter and check are attached as Exhibit "D." The order of the Honorable Matthew F. Cooper, Justice of the Supreme Court provided that said court retains jurisdiction to enforce, revise, modify, or amend its order insofar as necessary to establish or maintain its qualification as a Qualified Domestic Relations Order.

12.     The Petitioner was divorced from his spouse, Marie George Braillon, on December 7, 2015. A copy of the Judgment of Divorce with Notice of Entry is annexed hereto as Exhibit "E."

13.     The Judgment of Divorce orders that equitable distribution and ancillary issues shall be in accordance with the parties' Stipulation of Settlement dated April 23, 2015 and that the Stipulation of Settlement shall survive and not be merged into the divorce judgment.

14.     The Stipulation of Settlement (annexed hereto as Exhibit "F") provides at paragraph 7(c) that the wife waives and relinquishes any claim to any pensions held by the Petitioner.

15.     The Stipulation of Settlement provides at Paragraph 7(e) that the parties consent to any election by the other party waiving any qualified joint and survivor annuity.

16.     The Stipulation of Settlement provides at Paragraph 7(h) that the parties intend that the Stipulation be accepted as a spousal consent by each party to a waiver of any qualified pre-retirement survivor annuity.

17.     On December 6, 2016, a Notice of Settlement of a Domestic Relations Order was served by certified mail, return receipt requested on the Pension Fund and MetLife.   A copy of the Notice of Settlement and Proposed Domestic Relations Order is annexed hereto as Exhibit "G."

18.     Attached to the Proposed Domestic Relations Order was a copy of the November 30, 2016 letter from the Pension Fund rejecting a proposed order which had been presented to the Pension Fund by Lexington Pension Consultants, Inc. which had been retained by Petitioner's attorneys to prepare a Domestic Relations Order.

19.     Neither the Pension Fund nor MetLife submitted any counter proposed order or any opposition to the Domestic Relations Order submitted to the Court.

20.     Under cover of letter dated February 16, 2017 (annexed hereto as Exhibit "H") service of a certified copy of the January 9, 2017 Domestic Relations Order of the Honorable Matthew F. Cooper was made upon the Pension Fund and MetLife.

21.     The Qualified Domestic Relations Order directs the Pension Fund to recalculate the Petitioner's pension benefits so as to arrive at the unadjusted benefit amount that would have resulted if the Petitioner had not elected a "50% pop-up" form of Joint and Survivor pension benefit.

22.     Under cover of letter dated March 17, 2017 (annexed hereto as Exhibit "I") the Domestic Relations Order was served on the Pension Fund and MetLife.   The letter was accompanied by the Petitioner's written revocation of his election of the "50% pop-up" form of benefit and his election to

5

receive his pension in an unadjusted amount retroactive to October 1, 1990, annexed hereto as Exhibit "J").

23.     By letter dated April 17, 2017 (annexed hereto as Exhibit "K"), attorneys for the Pension Fund set forth the position of the Pension Fund to the effect that it rejects the court's order.

24.     This position is completely contrary to the express and clear language of the "APPLICATION FOR A REGULAR OR EARLY PENSION," which form was created by the Pension Fund and was executed in accordance with its requirements by the Petitioner. That form provides that if the participant and his spouse are divorced after his pension payments begin (which is the case herein) the Joint and Survivor annuity election remains in effect **unless a Qualified Domestic Relations Order states otherwise."**

25.     The Qualified Domestic Relations Order herein does state otherwise.

26.     Accordingly, the Respondents are in contempt of the Court's Order.

27.     Given the Respondents' expressed refusal to comply with the order, it is respectfully requested that this Court enter judgment against the Respondents in the amount of $116,145.28 with interest retroactive to October 1, 1990, together with such other and further relief as to the Court may seem just and proper.

Dated: Staten Island, New York
       August 8, 2017

                                        Yours etc.,

                                        VASLAS LEPOWSKY HAUSS & DANKE LLP

                                        By: _____
                                        NEIL F. SCHREFFLER
                                        Attorneys for Petitioner
                                        ANDRE BRAILLON
                                        201 Edward Curry Avenue, Suite 100
                                        Staten Island, New York 10314
                                        (718) 761-9300

6

TO:    The Steamfitters' Industry Pension Plan
        The Steamfitters' Industry Fund Office
        5 Penn Plaza
        New York, New York 10001-1887

        Metlife Insurance Company USA
        11225 North Community House Road
        Charlotte, North Carolina 28277

# THE STEAMFITTERS' INDUSTRY PENSION FUND

1001 Avenue of the Americas
Suite 1201
New York, New York 10018-5491
(212) 869-3800

## APPLICATION FOR A REGULAR OR EARLY PENSION

— This Application is not considered valid unless all sections are completed in full. —

PLEASE PRINT OR TYPE

A. MEMBER:

(1) Name: BRAILLON   ANDRE   SJ        (2) Soc. Sec. No.:
    (Last)   (First)   (Middle Initial)

(3) Address: 100 BEEKMAN ST   APT 24C
    (Number)   (Street)

NEW YORK                NY              10038
    (City)        (State)        (Zip Code)

4) Telephone No.: ( 212 )  227 - 1280        (5) Date of Birth:

(6) Is your birth certificate or proof of age attached? Already provided

B. SPOUSE (IF ANY):

(1) Name: BRAILLON   MARIE GEORGE   L        (2) Soc. Sec. No.:
    (Last)   (First)   (Middle Initial)

(3) Address: 100 BEEKMAN ST   APT 24C
    (Number)   (Street)

NEW YORK                NY              10038
    (City)        (State)        (Zip Code)

4) Telephone No.: ( 212 )  227 - 1280        (5) Date of Birth:

(6) Is proof of marriage attached? already provided

(7) Is your birth certificate or proof of age attached? already provided

C. TYPE OF PENSION: (Check the type of pension you are applying for)

(1) Regular Pension (Age 60 & Above) ✓        (2) Early Pension (Age 55 - 59)

EFFECTIVE DATE YOU WISH PAYMENTS TO BEGIN: October 1st, 1990

1

D. UNION HISTORY:

(1) List the earliest date you first joined Enterprise Association Local 638: __1__ __23__ __63__
                                                                              (Month)   (Day)   (Year)

(2) List the earliest date you first joined Progress Association Local 639: _____
                                                         (Month)   (Day)   (Year)

(3) Since you first joined Local 638 or 639, have there been any periods when you dropped out or withdrew from membership?    Yes __✓__ No _____

If "Yes" state when:

From ____1963____ To __March 1965__
        Month/Year          Month/Year

From _____ To _____
        Month/Year          Month/Year

Continue on a separate sheet of paper, if necessary.

E. MILITARY SERVICE:
If you have served in the Armed Forces of the United States, list the periods of service below.

| MILITARY SERVICE | FROM | | TO | |
|---|---|---|---|---|
| | Month | Year | Month | Year |
| | | | | |
| | | | | |

— NOTE: —
Attach to this Application a photostatic copy *(Not Originals)* of your military discharge or separation papers.

4. **MARRIED PARTICIPANTS-ELECTION OF THE JOINT AND SURVIVOR ANNUITY**
(If you are single, do not complete pages 4-7)

If you want a Joint and Survivor Annuity, please complete this page.

If not, please complete pages 5-7 to reject the Joint and Survivor Annuity

[] I elect to receive the Pension to which I may be entitled to in the form of a Joint and Survivor Annuity.

I understand that by electing this Joint and Survivor Annuity, I will receive a reduced benefit for my lifetime and then after my death, my eligible surviving spouse will continue to receive the percentage of my reduced monthly benefit for his or her lifetime, as I elect below:

CHECK ONLY ONE OPTION

[] 100%           [] 75%           [] 50%

[] 100% Pop Up    [] 75% Pop Up    [X] 50% Pop Up

By electing to receive this form of benefit I understand that:

a. If my spouse predeceases me within 90 days from the date of this Application, my election is cancelled, and I will receive my Pension in an unadjusted amount.

b. If my spouse and I are divorced before my pension payments begin, my election is cancelled and I will receive my Pension in an unadjusted amount unless a Qualified Domestic Relations Order provides otherwise.

c. If my spouse and I are divorced after my Pension payments begin, the election remains in effect and my spouse will (should he or she survive me) receive the benefit under the Joint and Survivor Pension for his or her lifetime unless a Qualified Domestic Relations Order states otherwise.

Attach proof of your age, proof of your spouse's age and your marriage certificate.

| | | |
|---|---|---|
| ANDRE BRAILLON | _Andre Braillon_ | 7/25/90 |
| Print Your Name | Signature | Date |

| | |
|---|---|
| MARIE GEORGE BRAILLON | |
| Print Spouse's Name | Print Spouse's Social Security # |

| | |
|---|---|
| 100 BEEKMAN ST   APT 24C | |
| Print Spouse's Address | Print Spouse's Date of Birth |

| | | | |
|---|---|---|---|
| NEW YORK | NY | 10038 | June 10, 1970 |
| City | State | Zip | Date of Marriage |

## SPOUSE'S STATEMENT

FOR YOUR REJECTION OF THE JOINT AND SURVIVOR ANNUITY TO BE VALID, YOUR SPOUSE MUST COMPLETE THIS PAGE OF CONSENT AS FOLLOWS:

I, MARIE GEORGE BRAILLON , am the legal spouse of  ANDRE BRAILLON

Print Your Name (Participant's Spouse)

[ ]   I hereby consent to my spouse's rejection of the 50% Joint and Survivor Annuity in favor of a straight life annuity.  I understand that as a result, I will not be paid an Annuity from the Pension Fund after my spouse's death.

[X]   I hereby consent to my spouse's rejection of the 50% Joint and Survivor Annuity in favor of a 50% Pop Up option.  I understand that as a result, I will be paid a survivor annuity of 50% of my spouse's reduced monthly benefit.

I hereby consent to my spouse's designation of:

a. MARIE GEORGE BRAILLON        Social Security No. _____

Name of Beneficiary

b. _____        Social Security No. _____

Name of Beneficiary

to receive any survivor benefits payable under the sixty (60) month guarantee of payments. I understand that this or any future designation of primary beneficiary(ies) shall be valid only with my written, notarized consent.

Ymailine                    7|25|90         _____
Spouse's Signature                    Date         Social Security No.

NOTE: For this rejection of the Joint and Survivor Annuity in favor of a straight life or 50% Pop Up annuity to be valid, the above named beneficiary(ies) must be the same person(s) designated by the Participant. In the event that the Participant and spouse cannot agree on the beneficiary(ies), the rejection of the Joint and Survivor Annuity is invalid, and the Fund will be obligated to pay any Pension benefits due in the form of a 50% Joint and Survivor Annuity.

[ ]   I hereby consent to my spouse's rejection of the 50% Joint and Survivor Anuity in favor of a single sum payment.  I understand that as a result, I will not be paid an Annuity from the Pension Fund after my spouse's death.

(The following must be completed in the presence of a Notary Public)

State of  New York
}  SS:
County of  New York

On the  25th  day of  July , 19 26 before me came
Marie George Braillon  to me known and known to me to be the person described above who executed the foregoing statements before me under oath.

PEDRO PEREZ
NOTARY PUBLIC, State of New York
No. 03-4658214
Certified in Bronx & New York Counties
Commission Expires May 31, 19___

Pedro Perez
NOTARY PUBLIC

LIL

## I. STATEMENT OF RETIREMENT

(1) I have ceased employment in the Steamfitting and/or Pipefitting Trades, including Temporary Heat or Air Conditioning, as of ___October 1st 1990___ and I hereby apply for a Pension from Steamfitters' Industry Pension Fund.

(2) The preceding statements are true to the best of my knowledge. I understand that a false statement may disqualify me for a Pension benefit.

(3) I will be bound by all the rules and regulations of the Pension Plan.

(4) I understand that if, after I retire, I return to covered employment in the Steamfitting and/or Pipefitting Trades, including Temporary Heat or Air Conditioning, my Pension may be suspended for at least the period I continue that work. I agree to notify the Fund Office within one week of commencing such employment and to supply whatever information the Trustees request to determine whether suspension is warranted.

(The following must be completed in the presence of a Notary Public)

___ANDRE BRAillON___
Print Your Name

_Write Your Signature_

Date 7/25/90

Sworn before me this ___25th___ day of ___July___ 19 _90_.

PEDRO PEREZ
NOTARY PUBLIC, State of New York
No 03 46'.8214
Certified in Bronx & New York County
Commission Expires May 31, 19 _92_

NOTARY PUBLIC

**PURCHASE NOTIFICATION**
**GUARANTEED MONTHLY INCOME CONTRACTS**
**THE TRAVELERS INSURANCE COMPANY**
**ONE TOWER SQUARE, HARTFORD, CONN.  06183**

**PART I** To be completed by all Contractholders.  (NOTE: Part II on the back of this page must also be completed.)

In accordance with the terms of the contract, please initiate an annuity purchase as follows:

| Employer/Contractholder Name and Address of Annuitant | Contract | Account |
|---|---|---|
| Steamfitters' Industry Pension Fund | GR- 10473 | n/a |

| Name and Address of Annuitant | Social Security Number | |
|---|---|---|
| Andre Braillon | Sex | Date of Birth |
| 100 Beekman Street, Apt. 24C | M | 01-01-24 |
| New York, NY 10038 | Date of Birth verified by what document? B/C | |

| Form of Annuity | |
|---|---|
| [ ] Life Annuity | [X] Longer Life Annuity with Five Years Certain  [ ] Other (Specify) |
| [ ] Five Year Certain & Life | [X] 100% [ ] 75% [X] 50% Continued to Second Annuitant upon Employee death |
| [ ] ___ Months Certain | [X] with "Pop-up" provision |

| Name and Address of Second Annuitant if Longer Life Elected | Social Security Number | |
|---|---|---|
| Marie George Braillon | Sex | Date of Birth |
| 100 Beekman Street Apt. 24C | F | |
| New York, NY 10038 | Date of Birth verified by what document? B/C | |

| Beneficiary, Relationship and Address | Social Security No. |
|---|---|

| Annuity Purchase Date | Annuity Commencement Date | Gross Consideration | Amount of Employee Contribution included in Gross Consideration | Amount of Monthly Income |
|---|---|---|---|---|
| Oct. 1, 1990 | Oct. 1, 1990 | $116,145.28 | | $902.73 |

This form should be received by The Travelers at least 15 days prior to Annuity Commencement Date.  Full payments must be received by The Travelers on or before the Annuity Purchase Date.

Remarks & Special Information

If the form of annuity indicated on this form is other than a Longer Life Annuity (Joint and Survivor) the plan representative, by signing this document, verifies that he or she has obtained the necessary waiver forms required by the Retirement Equity Act.

By _Jenny Driscoll_
(Authorized Signature)

_____
Contractholder (Type or Print)

**TRAVELERS USE ONLY**

SEND FIRST CHECK TO:

EXPENSES:

Ms. Jeanne Jazowick
Steamfitters' Industry
Fund Office
5 Penn Plaza
New York, NY 10001

TIC $_____, Tax $_____, Comm. $_____

Certificate #_____

If deferred, amount on Normal form $_____.

Serial #_____

NOTE:  Part II on the back of this page must also be completed by the Payee in order for the requested distribution to be made.

GI-57989

# INSTRUCTIONS TO APPLICANT

This is your Application for a **REGULAR** or **EARLY** Pension.

This Application should be submitted to the Fund Office at least two (2) months, but no more than three (3) months, before the date you wish your Pension benefits to begin.

Please read this Application carefully before answering any questions. Answer all questions which apply to you. This Application will not be considered valid unless all sections are completed in full. Make sure you have the signatures required in the Application notarized.

Your Application will be processed as promptly as possible. You will be contacted if further information is required. Should you have any questions regarding any part of this Application, please feel free to contact the Fund Office.

You will receive a letter acknowledging receipt of your Application. You will also be notified by letter of the decision of the Trustees regarding your Application.

## PROOF OF AGE:

In order to be eligible for retirement benefits, you and your spouse (if any) are required to produce proof of age. The following is a list of the documents which may serve as proof of your age and your spouse's age. This list starts with the best type of proof, and continues down to less desirable types of documents. You are required to provide the best type of proof which is available. If you or your spouse do not have a birth certificate, you must provide the next best type of proof. Additional proof of age may be required if the documents which you submit are not adequate.

If you do not have any of the documents shown on the list below, write to the Fund Office for guidance about other ways of proving your age.

1. Birth certificates.

2. Baptismal certificates or statements as to the dates of birth shown by church records, certified by the custodian of such records.

3. Naturalization records. (Photostats not permitted; submit originals).

4. Immigration papers. (Photostats not permitted; submit originals).

5. Military records.

6. Passports. (Photostats not permitted; submit originals).

7. Marriage records showing date of birth or age (applications for marriage license or church record, certified by the custodian of such records or marriage certificate).

Note that naturalization papers, immigration papers, and U.S. passports may not be photostated. If any of these is the only proof of age you or your spouse have, submit the originals and they will be returned to you.

## BENEFIT PAYMENTS:

### Married Participants

Under this Pension Plan your Regular or Early Pension benefit is paid as a Joint and Survivor Annuity if you are married when you retire, unless you and your spouse reject this form of payment. Under a Joint and Survivor Annuity, your monthly benefit is reduced during your lifetime. When you die, your spouse will receive a lifetime annuity amount based on the option elected.

In any event, a total of no less than 60 payments will be made including both payments made to you and payments made to your spouse or other beneficiary.

### Divorced Participants

Under this Pension Plan, if you were divorced and a court divorce decree has been issued to you, your former spouse may be entitled to benefits under this Plan. If the divorce decree meets the criteria of a Qualified Domestic Relations Order, under applicable federal law, the Pension Fund will be obligated to comply with that order.

If you have received a divorce decree which requires payment of benefits to your former spouse, you must attach it to this application. If a Qualified Domestic Relations Order requires payment of benefits to a former spouse, the Fund Office will advise you of the Order's impact on your benefits and of any benefit payment options you may be entitled to elect.

STOP HERE and call the Fund Office if you are married and wish to prove that you cannot locate your spouse. The Fund Office will describe the form of proof acceptable to the Trustees.

PENSION FUND
NAG AMPS 1PB
1 TOWER SQUARE
HARTFORD, CT 06183-6035
A-131-PEN-000435196-GR010473   -0486

**The Travelers**
**Disbursement**
**Processing**

FORMAT:            012
DATE:              10/11/90
PAYEE:             PEN-000435196
CHECK NUMBER:      24178986
CHECK AMOUNT:      $********835.38*******

ANDRE BRAILLON
100 BEEKMAN ST APT 24C
NEW YORK              NY   10038

CONTRACT/ACCOUNT   GR010473

ATTACHED IS A CHECK IN THE AMOUNT OF $835.38, PAYABLE TO ANDRE
BRAILLON, REPRESENTING THEIR FIRST ANNUITY PAYMENT FOR OCTOBER 1,
1990.  $67.35 HAS BEEN WITHHELD FOR FEDERAL INCOME TAX.

SUBSEQUENT MONTHLY CHECKS WILL BE SENT DIRECTLY TO THE
ANNUITANT'S ADDRESS.

JEANNINE LEVESQUE
THE TRAVELERS COMPANIES
ONE TOWER SQ, AMPS-BPS-1PB
HARTFORD, CT 06183-6035

TOLL FREE 1-800-521-3099

0674
Detach Check

~ Detach Check

---

## THE STEAMFITTERS' INDUSTRY PENSION FUND

Union Trustees: William Gund, Edward J. Malloy, Daniel T. McGuire
Employer Trustees: Harry Binder, Raymond W. Hopkins, Steven Hickey

CHECK NUMBER  24178986
FORMAT 012

A-131-PEN-0004351S6-GR010473   -0486

51-44
118

Connecticut National Bank
150 Windsor Street
Hartford, CT 06120-2992

**NOT VALID BEFORE** 10/11/90

PLEASE CASH WITHIN 60 DAYS

PAY  EIGHT HUNDRED THIRTY FIVE AND 38/100 *
DOLLARS ********************************
*****************************************

$********835.38*******

PAY
TO THE       ANDRE BRAILLON
ORDER OF     100 BEEKMAN ST APT 24C
             NEW YORK         NY   10038

THIS CHECK REQUIRES THE PERSONAL ENDORSEMENT
OF THE PAYEE, OR LEGAL REPRESENTATIVE OF PAYEE.

THE TRAVELERS
INSURANCE COMPANY

Clyde B Fulton Jr

AUTHORIZED SIGNATURE

⑅ 24178986⑅   ⑆01190044513   3175⑅

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------X          Index No. 305780/14

MARIE GEORGE BRAILLON,
                            Plaintiff,
                                                              **NOTICE OF ENTRY**

          -against-

ANDRE BRAILLON,
                            Defendant.
-----------------------------------------------------------X

          PLEASE take notice that the within is a true copy of a JUDGMENT OF

DIVORCE duly entered in the office of the clerk of the within named court on December

7, 2015.

Dated: December 15, 2015

                                        Yours, etc.

                                        Fersch Petitti LLC
                                        By: Maxine F. Donskoi, Esq.
                                        Attorneys for Plaintiff
                                        11 Broadway, Suite 550
                                        New York, New York 10004
                                        (212) 422-2660

To:

Neil F. Schreffler, Esq.
Vaslas Lepowsky Hauss & Danke, LLP
201 Edward Curry Avenue
Staten Island, NY 10314

## Certification

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on December 10, 2015 I have compared

the document attached hereto,

305780/2014 MATRIMONIAL JUDGMENT filed 12/7/2015 page(s) 1-5.

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

305780/2014 MATRIMONIAL JUDGMENT

At the Matrimonial/IAS Part 20 of the New
York Supreme Court at the Courthouse, New
York County, on the 28th day of September,
2015.

Present: HON. DEBORAH A. KAPLAN
Hon.                        Justice/Referee
------------------------------------------------X

Index No. 305780/2014

MARIE GEORGE BRAILLON,

                          Plaintiff,

          -against-

ANDRE BRAILLON,

                          Defendant.
------------------------------------------------X

**JUDGMENT
OF
DIVORCE**

This action was submitted to this Court for consideration on this 28th day

of September , 2015.

The Defendant was served personally within the State of New York.

Plaintiff presented a Summons With Notice, Verified Complaint, and

Affidavit of Plaintiff constituting the facts of the matter.

The Defendant has appeared filed an answer and neither admitting nor

denying the allegations in the complaint and consenting to the entry of judgment. The

parties settled the ancillary issues by written Stipulation of Settlement dated April 23,

2015 and consented to the matter being placed on the uncontested matrimonial calendar

immediately.

The Court accepted written proof of non-military service.

The Plaintiff's address is France Horizon, Route des Religieuses D114,

I05780/2014 MATRIMONIAL JUDGMENT

97200 Fort de France, Martinique, and social security number is                    The

Defendant's address is 100 Beekman Street, Apartment 24C, New York, New York

10038 and social security number is

Now on motion of Fersch Petitti LLC, the attorneys for the Plaintiff, it is:

**ORDERED, ADJUDGED AND DECREED** that the application of

Plaintiff is hereby granted to dissolve the marriage between MARIE GEORGE

BRAILLON, Plaintiff, and ANDRE BRAILLON, Defendant, by reason of: the

relationship between Plaintiff and Defendant has broken down irretrievably for a period

of at least six months pursuant to DRL Sec. 170(7); and

**ORDERED AND ADJUDGED** there are no minor children of the

marriage and no child is expected; and it is further

**ORDERED AND ADJUDGED** that there are no court orders with regard

to maintenance to be continued; and it is further

**ORDERED AND ADJUDGED** that there are no orders from other courts

to be continued; and it is further

**ORDERED AND ADJUDGED** that pursuant to the parties' Stipulation

of Settlement dated April 23, 2015, neither party seeks maintenance from the other; and it

is further

**ORDERED AND ADJUDGED** that equitable distribution and ancillary

issues shall be in accordance with the parties' Stipulation of Settlement dated April 23,

2015; and it is further

**ORDERED AND ADJUDGED** that the Stipulation of Settlement dated

April 23, 2015, an original of which is on file with this Court and incorporated herein by

reference, shall survive and shall not be merged into this judgment, and the parties are

hereby directed to comply with all legally enforceable terms and conditions of said Stipulation as if such terms and conditions were set forth in their entirety herein, and this Court retains jurisdiction of this matter concurrently with the Family Court for the purposes of specifically enforcing such of the provisions of said Stipulation as are capable of specific enforcement to the extent permitted by law with regard to maintenance, and of making further judgment as it finds appropriate under the circumstances existing at the time application for the purpose is made to it, or both; and it is further

      **ORDERED AND ADJUDGED** that both parties are authorized to resume the use of any prior surname; and it is further

      **ORDERED AND ADJUDGED** that Defendant is authorized to resume use of the prior surname: GOUSSARD.

      **ORDERED AND ADJUDGED** that the Defendant's attorney shall be served with a copy of this Judgment, with notice of entry, by the Plaintiff's attorney within 20 days of such entry.

Dated: 09/28/15

**FILED**

DEC 0 7 2015

COUNTY CLERK'S OFFICE
NEW YORK

ENTER:

DEBORAH A. KAPLAN
J.S.C.

CLERK

305780/2014 MATRIMONIAL JUDGMENT

Index No.   305780/14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MARIE GEORGE BRAILLON,

Plaintiff,

-against-

ANDRE BRAILLON,

Defendant.

JUDGMENT OF DIVORCE

Signature (Rule 130-1.1-a)

_MAXINE F. DONSKOI, ESQ._

Print name beneath

FERSCH PETITTI LLC
BY: MAXINE F. DONSKOI

Attorney for   Plaintiff

Office and Post Office Address, Telephone
11 BROADWAY, SUITE 550
NEW YORK, NY 10004
TEL: (212) 422-2660
FAX: (212) 422-2666

To   Neil F. Schreffler, Esq.

Attorney(s) for   Defendant

Service of a copy of the within is hereby admitted.
Dated

_____

Attorney(s) for

FILED

DEC 07 2015

AT 3:16 PM
N.Y., CO. CLK'S OFFICE

Notice of Entry

PLEASE take notice that the within is a (certified)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.
FERSCH PETITTI LLC
BY: MAXINE F. DONSKOI

Office and Post Office Address
11 BROADWAY, SUITE 550
NEW YORK, NY 10004

Attorneys for

To

Attorney(s) for

Notice of Settlement

PLEASE take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on
at                    M.
Dated,

Yours, etc.
FERSCH PETITTI LLC
BY: MAXINE F. DONSKOI

Office and Post Office Address
11 BROADWAY, SUITE 550
NEW YORK, NY 10004

Attorneys for

To

Attorney(s) for

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X          Index No.: 305780/14

MARIE GEORGE BRAILLON,
     Plaintiff,
               **STIPULATION OF**
               **SETTLEMENT**

     -against-

ANDRE BRAILLON,
     Defendant.
-------------------------------------------------------------X

  **STIPULATION**, made this 23rd day of _____April_____, 2015, between

MARIE GEORGE BRAILLON, residing at France Horizon, Route des Religieuses D114, 97200

Fort de France, Martinique (hereinafter referred to as the "Wife"), and ANDRE BRAILLON,

residing at 100 Beekman Street Apt. 24C, New York, New York 10038 (hereinafter referred to

as the "Husband"), and collectively referred to as the "Parties" or each as a "Party".

  **WHEREAS**, the parties hereto were duly married in the City, County, and State of New

York, on June 10, 1970, in a civil ceremony; and

  **WHEREAS**, there are no children of the marriage, and none are expected; and

  **WHEREAS**, the Wife as Plaintiff has instituted an action for divorce against the

Husband as Defendant which is now pending in the Supreme Court of New York State, New

York County, and is designated by Index No. 305780/2014, wherein the Wife seeks a judgment

of divorce against the Husband; and

  **WHEREAS**, each party has been advised of their rights to obtain full disclosure

of the other party's financial condition, including income, expenses, assets, liabilities and assets

transferred, and have obtained satisfactory disclosure of such; and

**WHEREAS**, in resolving equitable distribution of marital property, the parties considered the following statutory factors, pursuant to Domestic Relations Law Section 236(B)(5):

(1)  the income and property of each party at the time of marriage, and at the time of the commencement of the action;

(2)  the duration of the marriage and the age and health of both parties;

(3)  the need of a custodial parent to occupy or own the marital residence and to use or own its household effects;

(4)  the loss of inheritance and pension rights upon dissolution of the marriage as of the date of dissolution;

(5) the loss of health insurance benefits upon dissolution of the marriage;

(6)  any award of maintenance under subdivision six of this part;

(7)  any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party;

(8)  the liquid or non-liquid character of all marital property;

(9)  the probable future financial circumstances of each party;

(10) the impossibility or difficulty of evaluating any component asset or any interest In a business, corporation or profession, and the economic desirability of retaining such asset or interest intact and free from any claim or interference by the other party;

(11) the tax consequences to each party;

(12) the wasteful dissipation of assets by either spouse;

(13) any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration; and

(14) any other factor which the parties find to be just and proper

**WHEREAS**, the parties understand that instead of entering into this agreement they have a right to proceed with litigation and to seek a judicial determination of the issues covered by this agreement but, notwithstanding such right, the parties desire to avoid the delay, expense, and risk

2

of litigation and they believe that their interests will be better served by the terms and provisions of this agreement;

WHEREAS, the parties desire to settle the aforesaid action for divorce and all questions relating thereto, and to settle their financial, property and other rights and obligations arising out of the marriage and otherwise.

NOW, THEREFORE, in consideration of the mutual promises and agreements herein contained, the parties hereto agree as follows:

1. Settlement. The Husband, as Defendant in the aforesaid action for divorce, hereby consents to the Wife, as Plaintiff, obtaining a divorce from him on the grounds of DRL § 170(7), the irretrievable breakdown of the marriage for a period of more than six (6) months, and will cooperate in the execution of any documents so that the case may be placed on the uncontested matrimonial calendar at the Supreme Court, New York County, under index number 305780/14. Various financial and property rights, and other privileges, obligations and matters with respect to the Husband and Wife arising out of their marital relationship are set forth in this Stipulation. The parties agree that the provisions of this Stipulation shall be incorporated in any judgment or decree of divorce, and that this Stipulation shall survive, and not be merged in, any judgment, decree or order which may be issued.

2. The Marital Residence. The Husband and Wife formerly resided together at 100 Beekman Street, Apartment 24C, New York, New York 10038, a Mitchell-Lama co-op, in the Husband's name alone (hereinafter referred to as the "Apartment"). The Husband shall have exclusive use and occupancy of the Apartment and agrees to pay in full, the rent, carrying charges and utilities for same and the Husband hereby indemnifies the Wife and holds her harmless from any claims related thereto. The parties acknowledge that upon the execution of this Stipulation, this

Apartment shall be the Husband's separate property and that upon the execution of this

Stipulation the Wife waives any and all claims, present and future, related to this Apartment.

**3. The Wife's Separate Property Residence**. The Husband and Wife both acknowledge that the

Wife inherited real property located at France Horizon, Route des Religieuses D114, 97200 Fort

de France, Martinique (hereinafter referred to as the "Wife's Separate Property Residence"). The

Husband acknowledges that the Wife's Separate Property Residence is the Wife's separate

property and he waives any and all claims, present and future, related to the Wife's Separate

Property Residence. The Husband and Wife both agree that the Wife shall continue to have

exclusive ownership, possession, and occupancy of the Wife's Separate Property Residence. The

Wife shall be solely responsible for payment of any and all carrying charges and utilities for the

Wife's Separate Property Residence and the Wife shall indemnify and hold the Husband

harmless from any claims related thereto.

**4. Personal Property.**

a.      The parties acknowledge that they previously have made a division and settlement of

their personal property and personal effects, and that each is and shall be the owner of all

personal property now in his or her possession. Each party shall own, have and enjoy, free of any

right or claim of the other party, all property hereafter acquired by such party.

b.      Except as otherwise specifically provided in this Stipulation, all personal property,

whether tangible or intangible, and including, but not limited to, cash, credit union and bank

accounts or similar savings or investment vehicles, including checking and savings accounts of

any kind or nature, automobiles or other motor vehicles, recreational vehicles, tools, household

items, furniture and furnishings, has been fairly and reasonably divided between the parties, and

any such property presently in the actual or constructive possession of either party shall

4

henceforth be the sole, separate, and exclusive property of the party in actual or constructive possession thereof, free and clear of the non-possessory party and the non-possessory party hereby waives any present or future interest in such property. In the instance of intangible items of property, such as accounts or investment devices, if there is a conflict between possession and title, the concept of title shall control. In the event that any such account or investment device be titled jointly to the parties, the party not in present possession shall execute whatever documents, forms, or papers may be required to permit the possessory party to enjoy the sole and exclusive ownership, dominion and control contemplated by this article.

c.      Except as otherwise specifically provided by this Stipulation, any stocks, bonds, mutual funds, securities, cash accounts, bank accounts, or any other assets in the name of MARIE GEORGE BRAILLON, shall be deemed the sole and separate property of MARIE GEORGE BRAILLON. ANDRE BRAILLON hereby waives and relinquishes any and all right, claim or interest which he may otherwise have with respect to such assets.

d.      Except as otherwise specifically provided by this Stipulation, any stocks, bonds, mutual funds, securities, cash accounts, bank accounts, or any other assets in the name of ANDRE BRAILLON, shall be deemed the sole and separate property of ANDRE BRAILLON. MARIE GEORGE BRAILLON hereby waives and relinquishes any and all right, claim or interest which she may otherwise have with respect to such assets.

e.      Unless otherwise expressly provided in this Stipulation, the party who is receiving any particular personal asset, whether tangible or intangible, shall assume any and all liabilities associated with the ownership of such asset, and shall indemnify and hold the other party harmless from any and all such liabilities.

f.     The division of property made by this Stipulation is a non-taxable division of marital property between the parties and is not a taxable sale or exchange of property. Neither party shall take any position in his or her tax returns with respect to the basis of any asset or any other matter which is inconsistent with the preceding sentence. Each of the parties has had the opportunity to obtain such tax advice as he or she deemed appropriate, and each party takes full responsibility for all tax consequences for all tax consequences that result from this Stipulation.

5. **Responsibility For Debts.**

a.     Except as may be otherwise expressly set forth herein, the Wife covenants and represents that she will not hereafter incur or contract any debt, charge or liability whatsoever for which the Husband, his legal representative of his property or estate may become liable, and the Wife further covenants to keep the Husband free, harmless and indemnified of and from any and all debts, charges or liabilities hereafter contracted by her for herself or for the account of any other person.

b.     The Wife warrants, represents and covenants that she has not heretofore incurred or contracted any debt, charge, obligation or liability whatsoever for which the Husband, his legal representatives or his property or estate is or may become liable.  The Wife agrees to indemnify and hold the Husband harmless of and free from all loss, expenses (including reasonable attorney's fees) and damages in connection with or arising out of a breach by the Wife of her foregoing representation, warranty and covenant.

c.     The Wife shall be solely responsible for all debts in her individual name or jointly with another (other than the Husband), as well as any other debts maintained in her name which she may have failed to disclose during this matrimonial proceeding.

d.     Except as may be otherwise expressly set forth herein, the Husband covenants and

6

represents that he will not hereafter incur or contract any debt, charge or liability whatsoever for which the Wife, her legal representative of her property or estate may become liable, and the Husband further covenants to keep the Wife free, harmless and indemnified of and from any all debts, charges or liabilities hereafter contracted by him for himself or for the account of any other person.

e.     The Husband warrants, represents and covenants that he has not heretofore incurred or contracted any debt, charge, obligation or liability whatsoever for which the Wife, her legal representatives or her property or estate is or may become liable.  The Husband agrees to indemnify and hold the Wife harmless of and from all loss, expense (including reasonable attorneys' fees) and damages in connection with or arising out of a breach by the Husband of his foregoing representation, warranty and covenant.

f.     The Husband shall be solely responsible for all debts maintained in his individual name or jointly with another (other than the Wife), as well as any other debts which he may have failed to disclose during this matrimonial proceeding.

g.     Contemporaneously with execution of this Stipulation, each party shall deliver to the other any and all credit card, bank cards or bank books which he or she may have in his or her possession against the other's personal accounts. Each party agrees that they shall not utilize any credit card, charge account or bankcard account bearing the other's name or authorize or encourage any other person to do so. In the event either party violates the term of this clause, they shall hold the other harmless and indemnify them from all loss, expense (including reasonable attorney's fees) and damages in connection with said breach.

h.      Each party represents and warrants that he or she, as the case may be, has not incurred or contracted any debts or obligations for which the other or any property of the other may be liable, either individually or jointly.

i.      Each party agrees that he or she shall be solely responsible for the payment and performance of all debts and obligations presently in his or her respective name and he or she hereafter shall not incur any debts or obligations for which the other may be liable.  Each party shall indemnify and hold the other harmless from and against any costs and expenses resulting from a breach or violation by such party of any representation, warranty or covenant contained in this Article 5.

6. <u>Maintenance</u>. Each party agrees his or her resources are sufficient to provide for his or her own proper maintenance and support.

The Wife acknowledges that no provision has been made for her maintenance and support by the Husband because she is self-supporting, is capable of remaining self-supporting and she has adequate personal resources and income sufficient for her own maintenance and support now and hereafter. The Wife acknowledges that the terms of this Stipulation shall be in full and final settlement and satisfaction of any and all claims and rights that she may have now or hereafter against the Husband for maintenance, support or alimony. The Wife hereby releases and discharges the Husband under existing or future laws from any and all demands, past, present or future, for maintenance, support or alimony. The Wife acknowledges that she is not now nor is she likely to become a public charge.

The Husband acknowledges that no provision has been made for his maintenance and support by the Wife because he is self-supporting, is capable of remaining self-supporting and he has adequate personal resources and income sufficient for his own maintenance and support

now and hereafter. The Husband acknowledges that the terms of this Stipulation shall be in full and final settlement and satisfaction of any and all claims and rights that he may have now or hereafter against the Wife for maintenance, support or alimony. The Husband hereby releases and discharges the Wife under existing or future laws from any and all demands, past, present or future, for maintenance, support or alimony. The Husband acknowledges that he is not now nor is he likely to become a public charge.

It is agreed and understood between the parties that the maintenance provisions contained herein shall not be modified by any court of competent jurisdiction; that both parties expressly understand and agree to the maintenance provisions contained herein; and that there is no right of either party to initiate a motion based on "changed circumstances" for a modification of the term or amount of maintenance now or in the future. Both parties have been advised that in the event of a substantial change in circumstances, or even in circumstances which would be likely to render either party a public charge, that neither shall be entitled to modify the term or amount of maintenance to be paid, and that no court shall, under any circumstance, modify the within maintenance provisions. The parties further acknowledge that the maintenance provisions shall not be modifiable and that these provisions are irrevocable even if any or all the following occur, solely or in combination: (a) a party's loss of employment, either on a temporary or permanent basis; (b) a party's dramatic and substantial changes in income of whatever nature, scope or duration; (c) inheritance of money by a party; (d) inflation, regardless of the impact; and/or (e) either party's loss of use of property provided for herein either through theft, embezzlement, frivolous use thereof, normal expenditures or any other cause. It is the specific intention of the parties to introduce concepts of collateral estoppel into this agreement to prevent the other from seeking modification of the maintenance provisions.

In agreeing to the above provisions pertaining to maintenance, the parties have considered certain factors including without limitation the following: the income and property of the parties including marital property and the distribution thereof; the duration of the marriage and the age and health of the parties; the present and future earning capacity of each party and ability to be self-supporting and, if applicable, the period of time and training necessary therefor; reduced or lost lifetime earning capacity as a result of having foregone or delayed education, training, employment or career opportunities during the marriage; the tax consequences to each party; contributions and services of the parties as a spouse, wage earner and homemaker, and to the career or career potential of the parties; and the wasteful dissipation of family assets by either party; and any transfer or encumbrance made in contemplation of a matrimonial action without fair consideration.

7. Waiver of Claims to Retirement Benefits.

a.      Both parties maintained retirement benefits in connection with their respective employment. Each of the parties hereto hereby waives and releases any and all claims or rights with respect to any and all pension plans, 401K, individual retirement accounts, annuities, Keogh plans or other retirement benefits to which the other party is presently entitled or may become entitled in the future. This paragraph is intended to substitute for any other statement, prepared form, or document which might be required by any plan, fund, trust, administrator, trustee, or similar entity or person, so that each party may receive said benefits as if the parties never married.

b.      The Husband hereby waives and relinquishes, now and forever, any and all claims to any right, title or interest in any bank accounts, brokerage accounts, stocks and bonds, Individual Retirement (IRA), Pensions, Annuities, or Keogh Accounts, now held or previously held by the

10

Wife, whether in her name alone or in her name in conjunction with any other persons. The Wife shall have the sole and exclusive right, title and interest in and to all funds on deposit in the property and accounts described in the preceding sentence. The Husband waives and relinquishes, now and forever, any and all claims to the ownership of the funds therein deposited or hereafter deposited in such property or accounts.

c.     The Wife hereby waives and relinquishes, now and forever, any and all claims to any right, title or interest in any bank accounts, brokerage accounts, stocks and bonds, Individual Retirement (IRA), Pensions, Annuities, or Keough Accounts, now held or previously held by the Husband, whether in his name alone or in his name in conjunction with any other persons. The Husband shall have the sole and exclusive right, title and interest in and to all funds on deposit in the property and accounts described in the preceding sentence. The Wife waives and relinquishes, now and forever, any and all claims to the ownership of the funds therein deposited or hereafter deposited in such property or accounts.

d.     All pension and profit sharing funds, deferred compensation funds now in the name of the Wife (whether in the sole name of the Wife or in the name of the Wife jointly with or in trust for another) or now in the name of the Husband (whether in the sole name of the Husband or in name of the Husband jointly with or in trust for another) shall be and remain the sole property of the party in whose name any of the foregoing is registered.

e.     In furtherance of the provisions of the foregoing Paragraphs, both parties hereby elect and consent to a waiver of his and her interest, if any, in the qualified joint and survivor annuity form of benefit under all pension, retirement, death benefit, stock bonus or profit-sharing plans, systems or trusts (hereinafter collectively called "Employee Plans") with respect to which the Husband or Wife is, or may become, a participant or member. In signing this Stipulation, the

11

parties consent to any election of the other party waiving any qualified joint and survivor annuity pursuant to Internal Revenue Code Section 417(a). If requested, the parties shall agree to consent in writing, in the form satisfying the requirements of Internal Revenue Code Section 417(a)(2)(A), to any such election of the other party. This spousal consent of the parties is irrevocable. The parties are aware and hereby acknowledge that the effect of this consent to the other party's election is to deny the consenting party any right, interest, or annuity from the other party's benefits under any Employee Plans, now or in the future.

f.     The parties acknowledge and hereby consent to the election of either party, upon his or her death, all death benefits under any Employee Plans to be paid according to the directions made by the deceased party. The parties agree that each may change (as often as he or she desires) the beneficiary designation for his or her interest in any Employee Plans to any other person or persons. Each party specifically consents to any such future changes of beneficiaries, and waives any rights he or she may have to the benefits as a surviving spouse as a result of any such future changes of beneficiaries. If reasonably requested, each party agrees to consent in writing, in the form satisfying the requirements of Internal Revenue Code Section 417(a)(2)(A), as it may be amended from time to time or any similar provisions of amendatory legislation, to any such change of beneficiaries.

g.     Each party agrees to execute, acknowledge, and deliver to the other, from time to time, at the request of the other, any consent, waiver, or any other instruments reasonably required to give full force and effect: (a) to the waiver of his or her rights, if any, to the other's benefits under any of the other's Employee Plans, including any consent pursuant to Internal Revenue Code Section 417(a)(2)(A); (b) to a waiver of any qualified joint and survivor annuity form of benefit or waiver of any qualified preretirement survivor annuity form of benefit; (c) to allow the other

12

party to make any beneficiary designation he or she desires for any Employee Plan of which he or she is a participant; or (d) to allow any loan to the other party from any Employee Plan of which he or she is a participant (whether or not secured by the Husband/Wife's accrued benefits).

h.      The parties intend that this Stipulation be accepted as a spousal consent by each party to a waiver of a qualified pre-retirement survivor annuity pursuant to Internal Revenue Code Section 417(a), as it may be amended from time to time or any similar provisions of amendatory legislation.

i.      Each spouse (as "Releasee") hereby elects, and the other spouse hereby consents to, a waiver and release of any and all benefits, including, without limitation, the qualified joint and survivor annuity benefit form of benefit under all pension, retirement, death benefit, stock bonus, or profit-sharing plans, systems, or trusts (hereinafter collectively called "employee plans") of which the Releasee is or may become a participant, beneficiary, or member. This waiver and release is meant, without limitation, as a waiver pursuant to Internal Revenue Code Section 417(a). If requested, the Releasor shall consent in writing, in any form requested by the Releasee, to any such election. The spousal consent of the Releasor set forth herein is irrevocable. Each spouse acknowledges that he/she has received an explanation of a qualified pre-retirement survivor annuity in accordance with Internal Revenue Code Section 417(a)(3)(b), and understands that the effect of this consent to the Releasee's election is to deny Releasor any right, interest, or annuity in or from the Releasee's benefits under any employee benefit plan, now or in the future.

j.      The Releasor acknowledges and hereby consents to the Releasee's election that, upon Releasee's death, all death benefits under any employee plan of the Releasee will be paid to such

13

person as Releasee may have designated at any time before the execution of this Agreement or may designate from time to time hereafter, in Releasee's sole and unfettered discretion.

k.     If either party shall receive any part of or benefit from the other's account or accrued benefit in any Employee Plan, other than pursuant to a beneficiary designation executed after the date hereof by the other party, which designation expressly names the first party as beneficiary, then such first party shall promptly turn same over to the other party (if the other party is not then living, then to the designated beneficiaries of the other party under said Employee Plans, if any, or if there is no designated beneficiary, to the other party's estate).

l.     In the event that a Qualified Domestic Relations Order ("QDRO") or Domestic Relations Order ("DRO") is necessary to effectuate the waiver of the Wife's benefits under the Husband's retirement plan(s), including but not limited to his plan with the Steamfitters' Industry Pension Fund, the Husband shall be responsible to prepare the DRO(s) or QDRO(s) and the Husband shall be solely responsible (100%) for the cost of the preparation of the DRO(s) or QDRO(s). The Husband and the Wife both agree that they will cooperate with each other and with the QDRO/DRO preparer and provide them with all necessary information for the preparation of same.

m.     In the event that a Qualified Domestic Relations Order ("QDRO") or Domestic Relations Order ("DRO") is necessary to effectuate the waiver of the Husband's benefits under the Wife's retirement plan(s), the Wife shall be responsible to prepare the DRO(s) or QDRO(s) and the Wife shall be solely responsible (100%) for the cost of the preparation of the DRO(s) or QDRO(s). The Husband and the Wife both agree that they will cooperate with each other and with the QDRO/DRO preparer and provide them with all necessary information for the preparation of same.

**8. Mutual Release of Claims in Estates.**

a.       Except as otherwise provided in this agreement, each party may dispose of his or her property in any manner that he or she may deem appropriate. Each party hereby waives, relinquishes, and releases forever any and all rights which he or she may now have or may hereafter acquire under the present or future laws of any jurisdiction to share in the property or estate of the other as a result of the marital relationship of the parties. This waiver includes, but is not limited to, dower, courtesy, statutory allowance, homestead rights, right to take under the rules of interstate succession, right to elect against the will of the other, right to act as administrator or executor of the estate of the other, or in any manner participate in the estate of the other.

b.       The right of either party to take under any testamentary disposition, including any testamentary substitute, which is presently in effect is likewise waived in all respects and any such pre-existing testamentary disposition is hereby revoked by the testator of such will and renounced by the party in whose favor such testamentary devise or bequest has been made.

c.       Except as otherwise expressly provided in this agreement, any prior designation by one party of the other party as a beneficiary, whether primary or alternative, under any policy of life insurance is hereby revoked by the party who made such designation and is hereby renounced by the party so designated as such beneficiary.

**9. Mutual Release of General Claims.** Except as expressly provided in this Stipulation, each party hereby waives, releases and discharges all claims, causes of action, rights or demands, known or unknown, past, present or future, which he or she now or hereafter has, might have, or could claim to have against the other by reason of any matter, thing or cause whatsoever, prior to the date of this Stipulation. Nothing in this Article 9 shall be deemed to prevent either party from

enforcing the terms of this Stipulation or from asserting any rights or claims expressly reserved to either party in this Stipulation.

The parties, by execution of this Stipulation, have provided for the equitable distribution of all property belonging to the parties, whether such property qualifies as "separate property" or as "marital property" within the meaning of said terms under the provisions of Part B of Section 236 of the Domestic Relations Law of the State of New York. Each party waives and renounces all claims or rights to any equitable distribution of any separate property or marital property owned by the other, and any distributive award, and all claims or rights for alimony, maintenance, support, counsel fees, suit money, or any similar claim, except as expressly provided herein.

**10. Legal Representation.**

a)      In connection with the negotiation and execution of this Stipulation and the within action for divorce, the Wife had a full opportunity to consult and has consulted with her attorneys, Fersch Petitti LLC, having offices at 11 Broadway, Suite 550, New York, New York 10004. The Wife represents that this Stipulation was not the result of any fraud, duress or undue influence exercised by the Husband or any other person or persons upon her. The Wife represents that this Stipulation has been achieved upon honest negotiations. The Wife represents that she read and understands each and every term and provision of this Stipulation. The Wife further represents that the terms and provisions of this Stipulation are fair and reasonable.

b)      In connection with the negotiation and execution of this Stipulation and the within action for divorce, the Husband had a full opportunity to consult and has consulted with his attorneys, Vaslas Lepowsky Hauss & Danke LLP, By: Neil Schreffler, Esq., having offices at 201 Edward Curry Avenue, Staten Island, New York 10314. The Husband represents that this Stipulation was

not the result of any fraud, duress or undue influence exercised by the Wife or any other person or persons upon him. The Husband represents that this Stipulation has been achieved upon honest negotiations. The Husband represents that he read and understands each and every term and provision of this Stipulation. The Husband further represents that the terms and provisions of this Stipulation are fair and reasonable.

c)      Each party acknowledges that all of the matters embodied in this Stipulation, including all terms, covenants, conditions, waivers, releases and other provisions contained herein, are fully understood by him or her; that he or she is entering into this Stipulation freely, voluntarily and after due consideration of the consequences of doing so; and that this Stipulation is valid and binding upon him or her.

d)      Each party shall be responsible for his or her own legal fees for the drafting of this Stipulation and the within action for divorce.

e)      Nothing herein contained shall be deemed or construed as a waiver or denial of the other party's right to secure payment of counsel fees for any breach by the other party of the terms of this Agreement, or for the enforcement of any of the terms of this Stipulation.  In the event of such a breach, the breaching party shall be responsible for any and all legal fees arising from same.  In the event of such an enforcement action, the party against whom the enforcement is sought shall be responsible for any and all legal fees arising from same.

11. **Penalties on Default**. In the event that either party defaults with respect to any obligation set forth in this agreement, the injured party shall send written notice, by Federal Express or similar mail delivery services, to the defaulting party, which notice shall specify the nature of the default and, if relevant, any amount due which remains unpaid.  If the default is not cured, within twenty (20) days of receipt of said notice, and the injured party incurs attorney's fees and related

expenses or costs in commencing and maintaining an action or proceeding to enforce this agreement, the defaulting party shall pay all such fees and costs.

**12. Disclosure.** The parties have been advised by their respective attorneys of their right to compel discovery and inspection of the other's financial circumstances, business and personal books and records and their right to have accountants, appraisers or others investigate, appraise or evaluate each other's business and property and to conduct depositions, among other procedures, with respect thereto.  Each party acknowledges that he or she is fully informed of the income, assets, property and financial prospects of the other and has waived their rights to additional discovery beyond that which was actually exchanged.  Each party acknowledges that he or she has had ample opportunity to confer with his or her own attorney and with full knowledge of all of the legal consequences of the intended binding effect of this Agreement and agrees that no claim may be properly made hereafter upon the ground of any failure or lack of financial disclosure and has entered into this agreement despite the advice of each attorney that further financial disclosure may properly be pursued regarding the financial circumstances of the other party.  Neither party has relied upon any certification given by any attorney regarding the truth or falsity of any fact or representation.

**13. Merger and Survival.** The parties hereto agree that the provisions of this Stipulation shall be submitted to the Supreme Court of the State of New York, New York County, as a stipulation of settlement of the pending action for divorce by the Wife as Plaintiff against the Husband as Defendant. All of the provisions of this Stipulation shall be incorporated in any judgment or decree of divorce. This Stipulation shall survive, and not be merged in, any judgment, decree or order, and the parties hereto shall remain bound to the performance of this Stipulation in accordance with the terms hereof.

**14. Notices.** Any notice, demand or other communication required or permitted under this Stipulation shall be in writing and shall be delivered by hand or by Federal Express courier or by certified or registered mail, return receipt requested, with postage prepaid, to the parties at their addresses first above written or at such other addresses as they may designate by notice hereunder.

**15. General Provisions.**

a.   This Stipulation is entire and complete and embodies all understandings and agreements between the parties. No oral statement or prior written matter outside of this Stipulation shall have any force or effect.

b.   This Stipulation shall not be amended, modified, discharged or terminated except by a writing executed and acknowledged by the party sought to be bound.

c.   Any waiver by either party of any provision of this Stipulation, or of any right or option hereby, shall not be deemed a continuing waiver and shall not prevent such party from thereafter insisting upon the strict performance or enforcement of such provision, right or option.

d.   The parties acknowledge that they have been advised that there may be certain tax consequences pertaining to this Stipulation, that the parties' respective attorneys have not furnished advice with respect to said tax consequences and that each party has been directed and advised to obtain independent tax advice from qualified tax accountants or tax counsel prior to signing this Stipulation.

e.   The parties agree that each of them, upon request of the other party or the legal representatives of the other party, shall execute and deliver such other and further instruments as may be necessary or desirable for the purpose of giving full force and effect to the provisions of this Stipulation, without charge therefor.

f.   Neither party is in the military services of the United States of America or its allies within the purview of the Service members Civil Relief Act.

g.   This Stipulation and all rights and obligations of the parties hereunder shall be construed according to the laws of the State of New York. If any provision of this Stipulation should be held to be invalid or unenforceable under the laws of any state, country or other jurisdiction, the remainder of this Stipulation shall continue in full force and effect.

h.   This Stipulation shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, successors and assigns.

i.   This Stipulation may be signed in counterparts which, when combined, shall constitute a single document.

16.  **DRL Sec. 255 Statement.** The parties make the following statement, as required by Domestic Relations Law Section 255.

I, MARIE GEORGE BRAILLON, fully understand that upon the entry of the Judgment of Divorce, I may no longer be allowed to receive health coverage under my former spouse's health insurance plan.  I may be entitled to purchase health insurance on my own through a COBRA option, if available, otherwise I may be required to secure my own health insurance.

_____
MARIE GEORGE BRAILLON

I, ANDRE BRAILLON, fully understand that upon the entry of the Judgment of Divorce, I may no longer be allowed to receive health coverage under my former spouse's health insurance plan.  I may be entitled to purchase health insurance on my own through a COBRA option, if available, otherwise I may be required to secure my own health insurance.

_____
ANDRE BRAILLON

**IN WITNESS WHEREOF,** the parties hereto, having read each and every word of this agreement, together with any and all attachments, and believing this agreement to be fair and reasonable in all respects, have duly signed, executed and acknowledged this agreement in five (5) counterparts, each of which shall constitute a duplicate original, on the date reflected by the respective acknowledgements of the parties.


MARIE GEORGE BRAILLON


ANDRE BRAILLON

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 23rd day of April _____, 2014, before me, the undersigned, personally appeared

ANDRE BRAILLON, personally known to me or proved to me on the basis of satisfactory

evidence to be the individual whose name is subscribed to the within instrument and

acknowledged to me that he executed the same in his capacity, and that by his signature on the

instrument, the individual, or the person upon behalf of which the individual acted, executed the

instrument.

Notary Public

My commission expires on 4-11-2019

MAXINE F DONSKOI
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. #02DO6238811
COMM. EXP. 4-11-2019

STATE OF FLORIDA _____, COUNTY OF Broward _____, ss.

On the 19th day of April _____, 2014, before me, the undersigned, personally appeared

MARIE GEORGE BRAILLON, personally known to me or proved to me on the basis of

satisfactory evidence to be the individual whose name is subscribed to the within instrument and

acknowledged to me that she executed the same in her capacity, and that by her signature on the

instrument, the individual, or the person upon behalf of which the individual acted, executed the

instrument.

Notary Public

My commission expires on 9/20/2015

22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X

MARIE GEORGE BRAILLON,                                    Index No.: 305780/14

                                    Plaintiff,

              - against -                                 NOTICE OF SETTLEMENT

ANDRE BRAILLON,

                                    Defendant.
-----------------------------------------------------------------X

C O U N S E L O R S :

    **PLEASE TAKE NOTICE,** that the enclosed Domestic Relations Order will be presented for

settlement to the Hon. Matthew F. Cooper, one of the judges of the within named Court, at Supreme

Court, New York County on the 16th day of December, 2016.


Dated: Staten Island, New York
       December 6, 2016

                                      Yours etc.,

                                        VASLAS LEPOWSKY HAUSS & DANKE LLP

                                        By:
                                        NEIL F. SCHREFFLER
                                        Attorneys for Defendant
                                        ANDRE BRAILLON
                                        201 Edward Curry Avenue, Suite 100
                                        Staten Island, New York 10314
                                        (718) 761-9300


TO:    FERSCH PETITTI LLC
        Attorneys for Plaintiff
        11 Broadway, Suite 550
        New York, New York 10004
        (212) 422-2660

        The Steamfitters' Industry Pension Plan
        The Steamfitters' Industry Fund Office
        5 Penn Plaza
        New York, New York 10001-1887

The Travelers
One Tower Square
Hartford, CT 06183-6033

Metlife Insurance Company USA
P.O. Box 14710
Lexington, KY 40512-4710

At the Matrimonial/IAS Part 51 of the Supreme Court of the State of New York, held in and for the County of New York, at the New York County Courthouse, 60 Centre Street, New York, New York 10007 on the _____ day of _____, 2016.

PRESENT: HON. MATTHEW F. COOPER, J.S.C.

-------------------------------------------------X

MARIE GEORGE BRAILLON,                                    Index No.: 305780/14

               Plaintiff,

     - against -                                           DOMESTIC RELATIONS ORDER

ANDRE BRAILLON,

               Defendant,

-------------------------------------------------X

     WHEREAS, the marriage of Andre Braillon and Marie George Braillon (the "Parties") has been dissolved by a prior order of this Court, and

     WHEREAS, as part of the Stipulation of Settlement made on the occasion of said dissolution, the Participant and Non-Participant Former Spouse have agreed to the waiver of the Non-Participant Former Spouse's benefits under the retirement benefits payable on account of the Participant's membership in the Steamfitters' Industry Pension Plan (the "Plan") in the manner hereinafter set forth,

THEREFORE, IT IS HEREBY ACKNOWLEDGED AND ORDERED that

1.    This Order is intended to be a Qualified Domestic Relations Order within the meaning of Section 206(d)(3)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and Section 414(p) of the Internal Revenue Code of 1986, as amended (the "Code") and shall be so interpreted and applied.

2.     The Participant is Andre Braillon, who was born on                    and whose Social Security Number is              . His last known address is 100 Beekman Street, Apt. 24C, New York, New York 10038.

3.     The Non-Participant Former Spouse is Marie George Braillon, who was born or             and whose Social Security Number is              . The Alternate Payee is the former spouse of the Participant. The Non-Participant Former Spouse's last known address is France Horizon Route des Religieuses D114, 97200 Fort de France Martinque.

4.     The Participant and the Non-Participant Former Spouse were married on June 10, 1970 and divorced on December 7, 2015. For purposes of this Order, May 5, 2014 is to be considered the date on which the marital relationship ended.

5.     This Order is issued pursuant to the New York Domestic Relations Law Section 236(B)(1)(c).

6.     On July 25, 1990 the Participant signed Plan documentation electing the 50% Pop Up form of joint and survivor pension benefit, which Plan documentation provided that, if he and the Non-Participant Former Spouse are divorced after the Participant's pension payments begin, the election remains in effect and the Non-Participant Former Spouse will receive the benefit under the chosen form of benefit for her lifetime, unless a Qualified Domestic Relations Order ("QDRO") states otherwise. This QDRO seeks to nullify said option election.

7.     The Participant, who is retired and in payout status, and the Non-Participant Former Spouse agree that, in accordance with the Stipulation of Settlement, the Non-Participant Former Spouse waives and relinquishes, now and forever, any and all claims to any right, title or interest in the Participant's pension benefits under the Plan, whether in his name alone or in his name in conjunction with any other persons. In accordance with the parties Stipulation, both parties elect and consent to a waiver of the Non-Participant Former Spouse's interest in the qualified joint and survivor annuity form of benefit under the Plan.

8.    The Participant and the Non-Participant Former Spouse agree that the Participant may revoke his election of the 50% Pop Up form of benefit and elect, instead, to receive his pension in an unadjusted amount.  The Plan Administrator is authorized and directed to effectuate a recalculation of the Participant's pension benefits so as to arrive at the unadjusted benefit amount that would have resulted if the Participant had not elected a 50% Pop Up form of joint and survivor pension benefit.

The Participant and the Non-Participant Former Spouse agree that the Participant may, in the alternative, choose to change the designation under the Plan to any other person or persons. The Participant and Non-Participant Former Spouse consent to any such future change of beneficiary and the Non-Participant Former Spouse waives any rights she may have to the benefits as a surviving spouse as a result of any such future change of beneficiary.

8.    The Plan Administrator is directed to make all reasonable efforts to implement the apparent intent of the Parties as evidenced in the provisions of this Order to the extent consistent with the terms of the Plan and applicable law, but so that the Plan does not pay any greater benefit, based on actuarial value, than it would have paid in the absence of this Order.

9.    The service of a New York County Clerk's certified copy of this Order, by certified mail, return receipt requested, upon the Plan Administrator, The Steamfitters' Industry Pension Plan, The Steamfitters' Industry Fund Office, 5 Penn Plaza, New York, New York 10001-1887, The Travelers, One Tower Square, Hartford, CT 06183-6033, and Metlife Insurance Company USA, P.O. Box 14710, Lexington, KY 40512-4710, shall be deemed to be good and sufficient service hereof as if it were personally served in the State of New York.

10.   This Court retains jurisdiction to enforce, revise, modify, or amend this Order insofar as necessary to establish or maintain its qualification as a QDRO.


Dated this _____ day of _____, 20____.


                              ENTER:


                              _____
                              HON. MATTHEW F. COOPER, J.S.C.

NFS:lw (Our File No.: 10-14-029-16)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------X

MARIE GEORGE BRAILLON,                                    **Index No.: 305780/14**

                                   Plaintiff,

                  -against-                                    **AFFIRMATION**

ANDRE BRAILLON,

                                   Defendant.
---------------------------------------------------------------------X

        NEIL F. SCHREFFLER, an attorney duly admitted to practice before the Courts of the State of

New York, affirms the following to be true under the penalties of perjury:

        1.      I am of counsel to the firm of Vaslas Lepowsky Hauss & Danke LLP, attorneys for the

defendant herein, ANDRE BRAILLON.

        2.      I make this affirmation in connection with the submission of a Domestic Relations Order

for settlement to the Honorable Matthew F. Cooper.

        3.      Although the proposed Domestic Relations Order was sent to the Steamfitters' Fund

Office (the plan administrator) on August 9, 2016 by Lexington Pension Consultants, Inc. on behalf of

the undersigned, it was not until November 30, 2016 that the plan administrator responded.   Annexed

hereto as Exhibit "A" is the plan administrator's response.

        4.      The plan administrator does not approve the Domestic Relations Order, notwithstanding

that it is in full compliance with the provisions of the Joint and Survivor Annuity Election Form, which

form was prepared by the plan administrator.

        5.      The plan administrator in its November 30, 2016 letter states that because Mr. Braillon's

pension benefit has been administered by MetLife, which was paid for in full by the plan, the

"beneficiary of the 50% Joint and Survivor with Pop-Up Option cannot be removed or replaced with

another beneficiary nor can Mr. Braillon's benefit be adjusted."

6.     This stated position is in direct contravention of the plan's own election form.   In pertinent part, that form provides "[i]f my spouse and I are divorced after my Pension payments begin, the election remains in effect and my spouse will (should he or she survive me) receive the benefit under the Joint and Survivor Pension for his or her lifetime *unless* Qualified Domestic Relations Order states otherwise" [emphasis added].

7.     If, as alleged by the plan in its November 30, 2016 letter, the beneficiary designation of 50% Joint and Survivor with Pop-Up Option could not be removed or replaced, the above provision would not have been contained within the election form.   To accept and condone the plan's current position would be to render meaningless those provisions of the election form.

8.     Further, the fact that MetLife was paid in full by the plan, does not mean that the beneficiary designation could not be changed.  Nor does it mean that Mr. Braillon's pension benefits cannot be adjusted.   The modification requested simply requires an actuarial calculation which, of course, MetLife is well equipped to perform.

9.     The plan administrator's belated response for approval reneging on an agreement made between it and its union member over 26 years ago is offensive.

10.     Mr. Braillon is currently 92 years of age, having been born on January 1, 1924, and the plan administrator's dilatory response jeopardizes his rights to exercise an option provided to him by the union upon which he relied.

11.     The provisions of the plan are clear, as are the intentions of the parties as evidenced by their stipulation.  The matter should not be delayed further.

WHEREFORE, it is respectfully requested that the Domestic Relations Order be signed as expeditiously as possible.

2

Dated: Staten Island, New York
        December 6, 2016

NEIL F. SCHREFFLER

# Vaslas Lepowsky Hauss & Danke LLP

### Attorneys at Law
### 201 Edward Curry Avenue
### Staten Island, New York 10314

<u>Manhattan Office</u>
630 Third Avenue, 5th floor
New York, NY 10017
Tel: (212) 374-9555

Telephone (718) 761-9300
Facsimile (718) 761-9090
www.vlhd-law.com

<u>New Jersey Office</u>
10 Auer Court
E. Brunswick, NJ 08816
Tel: (732) 613-5083

Neil F. Schreffler

Admitted in NY
nschreffler@vlhd-law.com

February 16, 2017

<u>Certified Mail, Return Receipt Requested</u>

Plan Administrator
The Steamfitters' Industry Pension Plan
The Steamfitters' Industry Fund Office
5 Penn Plaza
New York, New York 10001-1887

The Travelers
One Tower Square
Hartford, CT 06183-6033

Metlife Insurance Company USA
P.O. Box 14710
Lexington, KY 40512-4710

Re:   Marie George Braillon v. Andre Braillon
      Index No.: 305780/14

TO WHOM IT MAY CONCERN:

Enclosed please find a certified copy of the January 9, 2017 Domestic Relations Order of the Honorable Matthew F. Cooper, Justice of the Supreme Court, New York County.

Also enclosed is Participant Andre Braillon's revocation of his election of the 50% Pop Up form of benefit and his election to receive his pension in an unadjusted amount retroactive to October 1, 1990.

# Vaslas Lepowsky Hauss & Danke LLP

Marie George Braillon v. Andre Braillon
February 16, 2017
Page 2

In accordance with the foregoing, please begin paying Mr. Braillon the unadjusted benefit amount commencing with the next periodic payment.

Very truly yours,

NEIL F. SCHREFFLER

NFS:lw
Enclosure

# Vaslas Lepowsky Hauss & Danke LLP
### Attorneys at Law
201 Edward Curry Avenue
Staten Island, New York 10314

**Manhattan Office**
630 Third Avenue, 5th floor
New York, NY 10017
Tel: (212) 374-9555

Telephone (718) 761-9300
Facsimile (718) 761-9090
www.vlhd-law.com

**New Jersey Office**
10 Auer Court
E. Brunswick, NJ 08816
Tel: (732) 613-5083

Neil F. Schreffler

Admitted in NY
nschreffler@vlhd-law.com

March 17, 2017

Certified Mail, Return Receipt Requested

The Steamfitters' Industry Fund Office
27-08 40th Avenue, 2nd Floor
Long Island City, NY 11101-3725

Re:   Marie George Braillon v. Andre Braillon
      Index No.: 305780/14

TO WHOM IT MAY CONCERN:

Enclosed please find a certified copy of the January 9, 2017 Domestic Relations Order of the Honorable Matthew F. Cooper, Justice of the Supreme Court, New York County.

Also enclosed is Participant Andre Braillon's revocation of his election of the 50% Pop Up form of benefit and his election to receive his pension in an unadjusted amount retroactive to October 1, 1990.

In accordance with the foregoing, please begin paying Mr. Braillon the unadjusted benefit amount commencing with the next periodic payment.

Very truly yours,

NEIL F. SCHREFFLER

NFS:lw
Enclosure

Mr. Andre Braillon
100 Beekman Street
Apartment 24C
New York, New York 10038
January 24, 2017

To Whom it may Concern:

Pursuant to paragraph 8 of the Qualified Domestic Relations Order dated January 9, 2017
served herewith, I hereby revoke my previous election of the 50% Pop Up form of benefit
and elect, instead, to receive my pension in an unadjusted amount retroactive to (insert date).

*- OCTOBER 1ST 1990 -*

Sincerely,

Andre Braillon

*Andre Braillon*

*1. 29. 2017*

STEVEN BOGUSLAVSKY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BO6260692
Qualified In New York County
My Commission Expires 04-30-2020

10-74-024-16

# Colleran & O'Hara & Mills L.L.P.

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN F. MILLS (1939-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL
JOHN S. GROARKE*

STEPHANIE SUAREZ
MICHAEL D. BOSSO
STEVEN C. FARKAS**
ALICIA M. SHOTWELL
WILLIAM R. REINKEN*
BRITTANY L. JOHNSON*
THOMAS P. KEANE***
GLENN A. KREBS +

PARALEGALS
LAURA A. HARRINGTON
KRISTINE M. MURPHY
LILLY PIAZZA
LAURA E. NASTRO

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN WASHINGTON, D.C.
***ALSO ADMITTED IN NEW JERSEY AND CONNECTICUT
+ OF COUNSEL

April 17, 2017

**By UPS Overnight Delivery**
Neil F. Schreffler
Vaslas Lepowsky Hauss & Danke LLP
201 Edward Curry Avenue
Staten Island, New York 10314

RE: Marie George v. Andre Braillon
Index No.: 305780/14

Dear Mr. Schreffler:

The Steamfitters' Industry Pension Plan has determined that Domestic Relations Order Index # 305780/14 (a copy of which is enclosed) is not a "qualified domestic relations order" within the meaning of Section 206(d)(3)(b) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and Section 414(p) of the Internal Revenue Code of 1986. Accordingly, the Plan is precluded by Federal law from observing the terms of the order. ERISA Section 514(a) preempts State law in this matter except in the case of a qualified domestic relations order. The order fails to qualify due to the following reasons:

Please be advised that Mr. Braillon retired on October 1, 1990. His elected pension option was a 50% Joint and Survivor with Pop-up option. Based on that election, his benefit was calculated on the lifetime of Mr. Braillon and his spouse at that time. Since his retirement date, Mr. Braillon's benefit has been administered by MetLife, and was paid for in full by the Plan. The Plan specifically provides that this election cannot be changed even in the event of subsequent divorce of the parties. The Plan in effect at the time provided the following:

The monthly amount of a Joint and Survivor Annuity shall not be increased once it becomes payable except as may be appropriate by virtue of Section 9.9 (or by specific action by the Trustees), nor may the election of the 50%, 75% or 100% Joint and Survivor Annuity form or the pop-up feature be changed if the spouse is subsequently divorced from or predeceases the Pensioner.

Section 5.2(b)(1). Therefore, the beneficiary of the 50% Joint and Survivor with Pop-up option cannot be removed or replaced with another beneficiary, nor can Mr. Braillon's benefit be adjusted as you have requested. Based on these facts the Steamfitters' Industry Pension Plan must reject this order.

Please do not hesitate to contact our office with any questions or concerns.

100 CROSSWAYS PARK DRIVE WEST • SUITE 200 • WOODBURY, NEW YORK 11797 • T: 516.248.5757 • F: 516.742.1766

Neil F. Schreffler
April 17, 2017
Page Two

Very truly yours,

COLLERAN, O'HARA & MILLS L.L.P.

STEVEN C. FARKAS

SCF/maw
File No.: 6385-6385
cc:    Local 638 Pension Fund Office, <u>Attn</u>: Bill Turnbull and James Ippolito

FILED: NEW YORK COUNTY CLERK 01/23/2018 12:13 PM

SUPREME COURT OF THE STATE OF NEW YORK

NYSCEF DOC. NO. 16

INDEX NO. 157466/2017

RECEIVED NYSCEF: 01/23/2018

COUNTY OF *NEW YORK*

*Index No. 157466/17*

*Andre Braillon* — *Petitioner*

against

*The Steamfitter's Industry Pension Fund, Met Life Insurance Company USA*
*Respondents*

Calendar No.

**AFFIDAVIT
OF
SERVICE**

STATE OF NEW YORK, COUNTY OF: *RICHMOND* ss.:

The undersigned, being sworn, says: Deponent is not a party herein, is over 18 years of age and resides at **Staten Island, NY**

On *JANUARY 18, 2018* at *1231 P.M.* at *27-08 40TH Avenue, 21st fl, Long Island City, New York*
deponent served the within  ☐ summons  ☐ with notice   *11101*
☐ summons and complaint  ☒ *Notice of Petition + Petition*
☐ subpoena duces tecum  ☐ subpoena
☐

on *The Steamfitter's Industry Pension Fund*   ☐ defendant  ☐ witness   { hereinafter called   } therein
   ☒ respondent            the recipient   } named

**INDIVIDUAL 1.** ☐  by delivering a true copy of *each* to said recipient personally; deponent knew the person so served to be the person described as said recipient therein.

**2.** ☒  a *UNION* , by delivering thereat a true copy of *each* to *Jola Zarkowska,*
personally, deponent knew said *UNION* so served to be the *UNION* , described in same as said recipient and knew said *Clerk Pension Dept*
individual to be *Authorized to Accept service* thereof.

**SUITABLE AGE PERSON 3.** ☐  by delivering thereat a true copy of *each* to                  a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐  by affixing a true copy of *each* to the door of said premises, which is recipient's ☐ actual place of business ☐ dwelling place ☐ usual place of abode within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, thereat, having called there

**MAILING TO RESIDENCE USE WITH 3 OR 4 5A.** ☐  Deponent talked to                  at said premises who stated that recipient ☐ lived ☐ worked there. Within      days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipient's last known residence, at                  and deposited said envelope in an official depository under exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS USE WITH 2 OR 4 5B.** ☒  Within *1* days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly addressed to recipient at recipient's actual place of business, at *27-08 40TH Avenue, 2nd fl, Long Island City,*
*NY 11101* in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient.

**DESCRIPTION** ☒
☐ Male   ☒ White Skin  ☐ Black Hair  ☐ White Hair  ☐ 14-20 Yrs.  ☐ Under 5'  ☐ Under 100 Lbs.
☒ Female  ☐ Black Skin  ☐ Brown Hair  ☐ Balding   ☐ 21-35 Yrs.  ☐ 5'0"-5'3"  ☒ 100-130 Lbs.
        ☐ Yellow Skin  ☒ Blonde Hair  ☐ Mustache  ☒ 36-50 Yrs.  ☒ 5'4"-5'8"  ☐ 131-160 Lbs.
        ☐ Brown Skin  ☐ Gray Hair  ☐ Beard    ☐ 51-65 Yrs.  ☐ 5'9"-6'0"  ☐ 161-200 Lbs.
        ☐ Red Skin   ☐ Red Hair  ☐ Glasses   ☐ Over 65 Yrs.  ☐ Over 6'  ☐ Over 200 Lbs.
Other identifying features: *EASTERN EUROPEAN ACCENT*
*Silver "Shattered" Faced Reception desk w/ Frosted glass Counter top, Ptke gray walls, gray carpeted*
*Floor*

**WITNESS FEES** ☐  $              the authorized traveling expenses  ☐ was paid (tendered) to the recipient
                and one day's witness fee:  ☐ was mailed to the witness with subpoena copy.
**MILITARY SERVICE** ☐  I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform*. The source of my information and the grounds of my belief are the conversations and observations above narrated. Upon information and belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on *1·19·2018*

Laura Meyer
Notary Public, State of New York
No. 01ME6313559
Qualified in Richmond County
Commission Expires Oct. 20, 2018

**Russ Jones**
**N.Y.C. Process Server**
**License # 1078305**

Attorney: *VLHD*

1 of 1

**FILED: NEW YORK COUNTY CLERK 01/23/2018 12:13 PM**

NYSCEF DOC. NO.

NYS STATE OF NEW YORK                    NEW YORK COUNTY

INDEX NO. 157466/2017
SUPREME COURT
RECEIVED NYSCEF: 01/23/2018

DOCUMENTS SERVED WITH INDEX #  157466/2017   AND FILED ON  JANUARY 2, 2018
ATTORNEY(S):  Legal Express Services ;  Russ  Jones

|  | Petitioner |
|---|---|
| *ANDRE BRAILLON* | |
| *vs* | |
| *THE STEAMFITTERS' INDUSTRY PENSION FUND, ET ANO* | |
|  | Defendant |

STATE OF NEW YORK: COUNTY OF   ALBANY COUNTY , SS.:

_____ James Perone _____, being duly sworn deposes and says deponent is not a party to this action, is over the age of eighteen years and resides in the State of New York. That on ___ January 11, 2018 ___ at ___ 8:57am ___ at   C/O NYS DEPT OF FINANCIAL SERVICES, 1 COMMERCE PLAZA, ALBANY NY 12210 ___ deponent served the within

NOTICE OF PETITION AND PETITION

on: METLIFE INSURANCE COMPANY USA ' Defendant   (herein called recipient) therein named.

**INDIVIDUAL**
A [ ]
By personally delivering to and leaving with sa
a true copy thereof, and that deponent knew the person so served to be the person mentioned and describ

NOTICE OF PETITION AND PETITION

**CORPORATION**
B [X]
By delivering to and leaving with ___ Bradley Rice ___ at ___ 1 Commerce Plaza, Albany NY 12210
and that deponent knew the person so served to be  the ___ Attorney ___ of the corporation
*Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in*

**SUITABLE GE PERSON**
C [ ]
By delivering a true copy thereof to and leaving ___ a person of suitable age and discreti
at ___ the said premises being the defendants/responde
[ ] dwelling place (usual place of abod    [ ] actual place of business within the State of New Y

**AFFIXING TO DOOR**
D [ ]
By affixing a true copy thereof to the door of said premises, the same being the defend    [ ] dwelling house (usual place o
abode)    [ ] actual place of business within the State of New Y

**MAILING TO RESIDENCE**
(use with C or D)
E1 [ ]
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly a
to defendant at defendant's residence ___
and deposited said envelope in an official depository under the exclusive care and custody of the United States Post Offi
New York State o ___

**MAILING TO BUSINESS**
(use with C or D)
E2 [ ]
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly a
to defendant at defendant's actual place of busines ___
in an official depository under the exclusive care and custody of the United States Post Office within New York State. The
bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise
communication was from an attorney or concerned an action against the defendant and ma ___

**PREVIOUS ATTEMPTS**
(use with D)
F [ ]
Deponent had previously attempted to serve the above named defendant/ resp
Day ___ Date ___ Time ___
Day ___ Date ___ Time ___
Day ___ Date ___ Time ___
Deponent spoke with ___ who stated to deponent that the said defenda
lived at the aforementioned address, but did not know defendant's place of employment.

**G** [X]
DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS

**VOID WITHOUT ESCRIPTION**
e with A, B, C & D)
A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as *Follows*
Approximate age  36 - 50 Yrs.    Approximate weight  161 - 200 Lbs    Approximate height  Over 6'   Sex  Male
Color of skin  White    Color of hair  Brown    Other ___

**MILITARY SERVICE**
Deponent asked the person spoken to whether the defendant/respondent was presently in the military service of the United States
Government or on active duty in the military service in the State of New York and was informed he/she was not. Your deponent further
says that deponent knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent
therein. Your deponent is over the age of 18 years and is not a party to this action.

**NON-SERVICE**
H [ ]
After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being se
to the following: [ ] Not known at addres    [ ] Address does not exis    [ ] Evading    [ ] Moved left no forwardir    [ ] Other

**WIT. FEES**
[ ]
$ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the rec

Sworn to before me on th ___ 11th ___ day of ___ January, 2018

_____
DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4698570, Qualified in Albany County
Commission Expires June 15, 2019

_____
James Perone
**Attny's File No.**

Invoice•Work Order # SP1800313